[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs (hereafter "the Changs") allege in the twelfth count of their second amended complaint that the defendant, New England Real Estate Analysts, negligently "performed and conducted a `completion inspection'" of their newly constructed home. They further assert that they paid for the defendant's services through BancNewEngland Mortgage Co., and that "[s]uch inspection was required by BancNewEngland Mortgage Co. in order for Plaintiffs to obtain their mortgage loan from such mortgage company." The Changs claim that the defendant issued a "`Satisfactory Completion Certificate' certifying that the subject dwelling was `100% complete and ready for occupancy,'" when the home actually lacked septic vent pipes, that they relied on the defendant's inspection and that they consequently suffered various health problems.
The defendant filed a motion for summary judgment claiming that the Changs' claims are barred by Sec. 36a-755 (d) of the General Statutes and that the defendant owed no duty to the plaintiffs because it could not have reasonably foreseen that they would rely on its report. The defendant submitted a memorandum of law and an affidavit of its president. In both documents, it maintains that the studies it did of the newly CT Page 8318 constructed home were entirely appraisal services, rather than inspections, and, as such, fall squarely within Sec. 36a-755 (d).
The Changs filed a memorandum in opposition to this motion, an affidavit by Mike Chang, Sr. and a copy of the final report issued by the defendant to BancNewEngland, entitled "Satisfactory Completion Certificate" ("SCC"). The plaintiffs argue that Sec.36a-755 (d) does not apply because the service that the defendant performed was an inspection rather than an appraisal. In his affidavit, Mike Chang, Sr. maintains that, in reliance on the inspection performed by the bank, he and his wife did not retain their own inspector, and that in the "SCC" and in earlier reports, the independent contractor hired by the defendant used the title "inspector rather than "appraiser." Furthermore, the plaintiff states that this independent contractor certified that "the requirements or conditions set forth in the appraisal report have been met, and any required repairs or items have been done in a workmanlike manner. . . . The subject is 100% complete and ready for occupancy."
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Bruttomesso v.Northeastern Connecticut Sexual Assault Crisis Services, Inc.,242 Conn. 1, 5-6 (1997).
Section 36a-755 (d) provides: "[a]ny person who prepares [an] appraisal report shall not be liable to any person with whom the preparer has not contracted to make such appraisal report for opinions or facts stated in or omitted from such appraisal report, unless such statement or omission results from intentional misrepresentation." Because the Changs have not alleged either that they contracted directly with the defendant for the report at issue or that the defendant engaged in intentional misrepresentation, Sec. 36a-755 (d) would dictate summary judgment in the present action if the report actually were an CT Page 8319 appraisal. See, e.g., Depamphilis v. Casey, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531526 (May 5, 1995, Berger, J.). However, while the defendant's affidavit suggests that the report was intended to be an appraisal, the affidavit submitted by the Changs suggests that the defendant actually performed an inspection of the property. If the report actually were an inspection report, Sec. 36a-755
(d) would not apply to the present matter. Therefore, the nature of the service performed by the defendant is a material issue. As such, the plaintiffs have met their burden of showing that a genuine issue of material fact exists.
Whether the defendant could reasonably have foreseen that the Changs would rely on the report, given the fact that they paid for the report and allegedly failed to get their own inspector because they thought that the defendant would be performing an inspection, also frames an issue of material fact not properly addressed on a motion for summary judgment. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist." (Internal quotation marks omitted.) Warner v. Lancia,46 Conn. App. 150, 158 (1997). A factual question exists in this case and the defendant cannot, therefore, prevail.
The motion for summary judgment, accordingly, is denied.
Moraghan, J.